Filed 5/23/25  P. v. Corrales CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084593 |
| v. | (Super.Ct.No. RIF2300064) |
| NELSON DANIEL CORRALES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Emma C. Smith, Judge. Affirmed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Nelson Daniel Corrales appeals from the judgment entered after he pled guilty to several violations of the Penal Code, including two counts of attempted murder.  (Pen.

Code, §§ 664, 187, subd. (a); unlabeled statutory citations refer to this code.) The trial court sentenced him to 19 years four months in state prison.

We appointed counsel to represent Corrales on appeal, and counsel filed an opening brief that raised no issues and requested an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738. We affirm.

## BACKGROUND

In January 2023, the People filed a felony complaint charging Corrales with two counts of attempted murder (§§ 664, 187, subd. (a)), one count of kidnapping (§ 207, subd. (a)), one count of assault with a deadly weapon (§ 245, subd. (a)(1)), three counts of criminal threats (§ 422), one count of willful infliction of corporal injury (§ 273.5, subd. (a)), one count of preventing or dissuading a victim from reporting a crime (§ 136.1, subd. (b)(1)), and three counts of false imprisonment by violence (§ 236). The complaint further alleged that Corrales used a deadly or dangerous weapon in the commission of the first criminal threats count (§§ 12022, subd. (b)(1), 1192.7, subd. (c)(23)) and personally inflicted great bodily injury in the commission of the corporal injury count (§§ 12022.7, subd. (e), 1192.7, subd. (c)(8)), and it alleged eight aggravating factors (Cal. Rules of Court, rules 4.408(a), 4.421(a)(1)-(a)(3), (b)(1), (b)(2), (b)(4), & (b)(5)).

In May 2023, Corrales requested a hearing under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). After conducting the hearing, the trial court denied the *Marsden* motion to replace appointed counsel.

In August 2023, the trial court found that Corrales had made a prima facie showing of eligibility for mental health diversion under sections 1101.35 and 1001.36, and the court reserved ruling on Corrales's suitability for mental health diversion. After referring Corrales to the Department of Behavioral Health for a mental health diversion assessment, the court found that he was ineligible for diversion.

In July 2024, Corrales requested a second *Marsden* hearing, and the court again declined to replace appointed counsel.

Pursuant to a negotiated disposition, Corrales pled guilty to the attempted murder counts, the criminal threats counts, and the preventing or dissuading a victim from reporting a crime count, and he admitted that he personally inflicted great bodily injury in the commission of the first attempted murder count and that he used a deadly or dangerous weapon in the commission of the first criminal threats count.

In August 2024, the trial court sentenced Corrales to 19 years four months in state prison, consisting of the upper term of nine years for the first attempted murder count, five years for the great bodily injury enhancement, two years four months for the second attempted murder count (one-third the middle term of seven years), eight months for each criminal threats count (one-third the middle term of two years), four months for the use of a deadly or dangerous weapon (one-third the middle term of one year), and eight months

3

for the preventing or dissuading a victim from reporting a crime count (one-third the middle term of two years).

In September 2024, Corrales appealed from the judgment without obtaining a certificate of probable cause.

DISCUSSION

Corrales's appellate counsel filed a *Wende* brief identifying three potentially arguable issues: (1) whether the court erred by denying Corrales's first *Marsden* motion; (2) whether the court erred by denying Corrales's second *Marsden* motion; and (3) whether the trial court erred by finding that Corrales was not suitable for mental health diversion.

Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." A certificate of probable cause is a condition precedent to any appeal within the scope of section 1237.5. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098-1099 (*Mendez*); Cal. Rules of Court, rule 8.304(b)(1).) "The certificate functions as a notice of appeal in cases involving negotiated dispositions, which notices are of a

4

'fundamental jurisdictional nature.'" (*People v. Allison* (2019) 39 Cal.App.5th 688, 698, quoting *In re Chavez* (2003) 30 Cal.4th 643, 652.)

Because Corrales failed to obtain a certificate of probable cause, we lack jurisdiction to consider any issues affecting the validity of the plea, and Corrales is consequently not entitled to *Wende* review for such issues. But because a certificate of probable cause is not required to challenge "[t]he sentence or other matters occurring after the plea or admission that do not affect the validity of the plea or admission," Corrales is entitled to a *Wende* review regarding those matters. (Cal. Rules of Court, rule 8.304(b)(2); see also *Mendez*, *supra*, 19 Cal.4th at p. 1088 [without a certificate of probable cause, "a defendant may obtain review solely of so-called 'noncertificate' issues, that is, postplea questions not challenging his plea's validity"].)

Limiting our review to the sentence and postplea matters that do not affect the plea's validity, we have reviewed the record and found no arguable error that would result in a disposition more favorable to Corrales. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Accordingly, we affirm the judgment.

5

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ _____
J.

We concur:

FIELDS _____
Acting P. J.

RAPHAEL _____
J.

6